FILED
CLERK

8/2/2023 5:01 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
UNITED STATES OF AMERICA,

    -against-

JIMMY GRAHAM,

              Defendant.
---------------------------------X

ORDER
15-CR-0108(JS)

APPEARANCES
For Plaintiff:        Jimmy Graham, Pro Se
                       No. 85791-053
                       USP Big Sandy[1]
                       Inmate Mail/Parcels
                       P.O. Box 2068
                       Inez, Kentucky 41224

For Defendant:       Christopher C. Caffarone, Esq.
                       United States Attorney's Office
                       Eastern District of New York
                       610 Federal Plaza
                       Central Islip, New York 11722

SEYBERT, District Judge:

        Currently before the Court is the letter motion of pro se Defendant Jimmy Graham ("Defendant") asking that this Court reduce his sentence by giving him credit for time that he served in state custody prior to being arrested in the instant federal case (hereafter, the "Sentence Reduction Motion" or "Motion"). (See ECF No. 103.) The Government opposes the Motion. (See Opp'n, ECF No. 107.) For the reasons that follow, the Motion is **DENIED**.

---

[1] (See infra note 2.)

BACKGROUND

On August 23, 2017, pursuant to a plea agreement, Defendant pled guilty to conspiracy to distribute controlled substances between January 2012 and May 2014. (See Plea Agreement, ECF No. 107-1.) Per the plea agreement, Defendant also agreed, that his sentencing would reflect his shooting of Peter Knudsen on or about June 16, 2013. (Id.) As part of the plea, the Government agreed to, inter alia, recommend a below-Guidelines sentence of 120 months' imprisonment. (Id.) The Court followed the recommendation and sentenced Defendant to 120 months' imprisonment, which was the statutory minimum. (Id.)

Currently, Defendant is incarcerated at the United States Penitentiary Big Sandy, a federal high-security penitentiary located in Inez, Kentucky.[2] He is scheduled to be released on December 28, 2023. (See note 2.)

DISCUSSION

Defendant appears to seek a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly referred to as the

---

[2] See Inmate Locator Release Date for Jimmy Graham, available at https://www.bop.gov/inmateloc/ (last visited July 31, 2023). The Court further notes that this location differs from the address-of-record the Court has for Defendant, which is for the McCreary U.S. Penitentiary in Pine Knot, Kentucky. Indeed, in his Motion, Defendant stated he was waiting to be transferred to another facility. (See Motion at 2.) Defendant is reminded that it is his responsibility to keep the Court updated regarding his current address.

2

"compassionate release provision." This section, which was amended in 2018 under the First Step Act, authorizes a court to reduce a defendant's term of imprisonment for "extraordinary and compelling reasons." See 18 U.S.C. § 3582(c)(1)(A)(i). However, having reviewed Defendant's Motion, the Court agrees with the Government that Defendant's submission is not a motion for compassionate release, but a request for credit to his sentence since Defendant "believe[s] that [he] s[h]ould receive credit for time that [he] already served." (Motion at 1.) He also requests that the Court "take into consideration the year that [he] did prior to coming to the feds." (Id.) Thus, given Defendant is pro se, the Court has construed his submission liberally and interpreted his request for credit as a request pursuant to 28 U.S.C. § 2241. See Reynolds v. Petrucci, No. 20-CV-3523, 2020 WL 4431997, at *1 (S.D.N.Y. July 29, 2020) (applying a liberal reading to appellant's pro se submissions); Ortiz v. McBride, 323 F.3d 191, 194 (2d Cir. 2003) ("This court construes appellate briefs submitted by pro se litigants liberally and reads such submissions to raise the strongest arguments they suggest.").

Under 28 U.S.C. § 2241, a petitioner can challenge the execution of his sentence, including the computation of that sentence by prison officials. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (stating a § 2241 habeas petition "is available to a federal prisoner who does not challenge

the legality of his sentence, but challenges instead its execution subsequent to his conviction."). Thus, pursuant to § 2241, an inmate may challenge such matters as the computation of his sentence by prison officials. See Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003) ("Under § 2241, a prisoner may challenge the . . . calculations by the Bureau of Prisons of the credit to be given for other periods of detention." (citations and internal quotation marks omitted)); see also Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001); Zenquis v. Pullen, No. 3:22-CV-1151, 2023 WL 2931585, at *1 (D. Conn. Apr. 13, 2023); Bracamonte v. Von Blanckensee, No. 18-CV-0166, 2019 WL 1368084, at *1 (S.D.N.Y. Mar. 26, 2019). Further, a § 2241 habeas petition must be brought in the district where the petitioner is imprisoned. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). As the Government aptly argues, since Defendant is incarcerated in the District of Kentucky, his petition must be brought in that district. (See Opp'n at 5-6 (collecting cases).) Although Defendant is pro se, he is not exempt from compliance with relevant rules of procedural and substantive law. See Reynolds, 2020 WL 4431997, at *1. Thus, even if Defendant were to have exhausted all his administrative remedies, his Motion is not properly before this Court.

However, assuming arguendo, Defendant sought § 2241 habeas relief in the proper court, before seeking such relief, he must exhaust all available administrative remedies. See Carmona,

4

243 F.3d at 634 ("We have held that federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief."). Within the Bureau of Prisons ("BOP"), exhaustion requires completion of four steps: (1) "the inmate must attempt to informally resolve the issue by raising it with prison staff"; (2) "if the issue is not resolved informally, the inmate must submit a formal written Administrative Remedy Request on the appropriate form (BP-9) to the designated staff member at the facility"; (3) "if the formal request is denied by the warden, the inmate must appeal to the appropriate BOP Regional Director"; and (4) "the inmate must appeal an unfavorable decision at the regional level to the BOP's General Counsel." Tashbook v. Petrucci, No. 20-CV-5318, 2022 WL 884974, at *5 (S.D.N.Y. Mar. 25, 2022) (noting that, in the Second Circuit, exhaustion is generally a prerequisite to habeas relief); Bolling v. Terrell, No. 10-CV-3594, 2011 WL 705396, at *1 (E.D.N.Y. Feb. 15, 2011) (dismissing petition for habeas corpus because petitioner did not exhaust his administrative remedies).

      Here, there is no evidence Defendant completed any of the steps of exhaustion. Indeed, according to the Government, per BOP personnel, Defendant has not filed any challenges to the calculation of his sentence. (See Opp'n at 6.) While a court may excuse a petitioner's failure to exhaust, based upon the Court's review of Defendant's Motion, no exceptions would apply here. See

Bracamonte, 2019 WL 1368084, at *2 (listing the exhaustion exceptions as follows: "if[:] (1) available remedies provide no genuine opportunity for adequate relief, (2) irreparable injury may occur without immediate judicial relief, (3) administrative appeal would be futile, [or] (4) in certain instances, a plaintiff had raised a substantial constitutional question").

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Sentence Reduction Motion (ECF No. 103) is DENIED without prejudice.

**IT IS FURTHERED ORDERED that** the Clerk of Court update Defendant's address-of-record to that listed on the first page of this Order and mail a copy of this Order to that updated address, including the notation "LEGAL MAIL" on the mailing envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 2, 2023
       Central Islip, New York